FILED
ENTERED
RECEIVED
SERVED ON
COUNSEL/PARTIES OF RECORD

APR 1 4 2016

CLERK US DISTRICT COURT
DISTRICT OF NEVADA

BY:                                              DEPUTY

Molly M. Rezac
Nevada Bar No. 7435
molly.rezac@ogletreedeakins.com
Erica J. Chee
Nevada Bar No. 12238
erica.chee@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
3800 Howard Hughes Parkway, Suite 1500
Las Vegas, NV 89169
Telephone: 702.369-6800
Fax: 702.369.6888

Robert F. Shaffer
robert.shaffer@finnegan.com
District of Columbia Bar No. 472423 *(Pro Hac Vice Pending – will comply with LR IA 10-2 within 45 days)*
James R. Barney
james.barney@finnegan.com
District of Columbia Bar No. 473732 *(Pro Hac Vice Pending – will comply with LR IA 10-2 within 45 days)*
Anthony D. Del Monaco
anthony.delmonaco@finnegan.com
District of Columbia Bar No. 978164 *(Pro Hac Vice Pending – will comply with LR IA 10-2 within 45 days)*
FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP
901 New York Avenue, NW
Washington, DC 20001-4413
Telephone: 202.408.4000
Fax: 202.408.4400

*Attorneys for Plaintiffs CG Technology Development, LLC,*
*Interactive Games Limited, and Interactive Games LLC*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| CG TECHNOLOGY DEVELOPMENT, LLC, INTERACTIVE GAMES LIMITED, and INTERACTIVE GAMES LLC, <br><br> Plaintiffs, <br><br> vs. <br><br> BIG FISH GAMES, INC., <br><br> Defendant. | Case No.: <br><br> **PLAINTIFFS' COMPLAINT FOR PATENT INFRINGEMENT** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiffs CG Technology Development, LLC ("CG Tech"), Interactive Games Limited

("IG Limited"), and Interactive Games LLC ("IG LLC") (collectively "Plaintiffs"), by and through

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
SUITE 1500, WELLS FARGO TOWER
3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800

their counsel, hereby bring this Complaint against Defendant Big Fish Games, Inc. ("Defendant" or "Big Fish Games"), and allege as follows:

## NATURE OF ACTION

1. This is an action for patent infringement under 35 U.S.C. § 271 *et seq.* by Plaintiffs against Defendant for infringement of U.S. Patent Nos. RE39,818; 6,899,628; 7,534,169; 6,979,267; 8,342,924; 7,029,394; and 9,111,417 (collectively the "Patents-in-Suit").

## PARTIES

2. CG Tech is a wholly owned subsidiary of CG Technology, L.P. ("CG"), a limited partnership, with its principal place of business at 2575 South Highland Drive, Las Vegas, Nevada, 89109. CG and CG Tech are both incorporated in Nevada. CG is an innovative gaming technology solutions provider for lottery, gaming, racing, and sports wagering worldwide. It specializes in providing secure, scalable, mobile technology and risk management solutions to integrated resorts, gaming partners, race and sports books, and lottery industries. Headquartered in Las Vegas, Nevada, CG and CG Tech continue to expand into new global markets in response to partner demand for their gaming and manufacturing expertise and superior technology solutions. Their products include Android™- and Apple®-compatible applications for real-money and social casino gaming, as well as state-of-the-art, account-based wagering systems.

3. IG LLC is a limited liability company incorporated in Nevada with its principal place of business at 110 East 59th St., New York, New York, 10022.

4. IG Limited is a private limited company with its principal place of business at One Churchill Place, Canary Wharf, London, UK E14 5RB.

5. Upon information and belief, Big Fish Games is a corporation organized and existing under the laws of the State of Washington, with its principal place of business located at 333 Elliott Avenue West, Suite 200, Seattle, Washington, 98119.

## JURISDICTION AND VENUE

6. This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 271 *et seq.*

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800

7.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

8.      Big Fish Games is subject to personal jurisdiction in this District because, based on information and belief, Defendant has transacted business in this District and has committed, by itself or in concert with others, acts of patent infringement in this District.  On information and belief, Defendant has conducted business within the State of Nevada.  In addition, Defendant offered for sale, sells, advertises, and/or uses its products and services (including the products accused of infringement in this lawsuit) in the United States, the State of Nevada, and this District. Further, Defendant purposefully and voluntarily placed one or more infringing products and services into the stream of commerce with the expectation that they will be used by consumers in the State of Nevada.  Defendant also advertises and has transacted business throughout the United States, including in the State of Nevada, and specifically in this District.  Defendant has purposely availed itself of the laws of this District by, among other things, advertising and selling its products and services in this District.

9.      Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Nevada Long Arm Statute, due at least to Defendant's substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and/or (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in the State of Nevada and in this District.

10.     On information and belief, Defendant has operated and continues to operate an interactive website (www.bigfishgames.com) and mobile application that are accessible to all residents of the State of Nevada, including in this District, through which Defendant advertises and makes available for use certain services and electronic social casino games that are herein accused of infringement. (*See* https://www.bigfishgames.com.)  On information and belief, Defendant has repeatedly promoted its products and services accused of infringement in this District. (*See, e.g.*, https://www.geekwire.com/2014/big-fish-reeling-casino-gamers-high-stakes-tv-spot/, https://www.youtube.com/watch?v=Ig3KzkOY6pA, https://www.youtube.com/watch?v=OhhmgCf27mA,

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800

1    https://www.youtube.com/watch?v=DnfRos73P28.)

2        11.    Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c), and/or

3    1400(b), as Big Fish Games is subject to personal jurisdiction in this District.

4                                    **GENERAL ALLEGATIONS**

5        12.    Plaintiffs own innovative technology that is being used by Defendant in its social

6    casino gaming business.  Like traditional casino games, users are enabled to play games and place

7    wagers on their outcomes.  Social casino games, however, allow users to play casino games with

8    hundreds of thousands of people through an online community.  Users engage with the online

9    community through mobile computing devices.  Accordingly, social casino games are faster and

10   provide a better-personalized experience, more options, and greater enjoyment for the players.

11       13.    On information and belief, and based on its own admissions, Big Fish Games is the

12   largest producer and distributor of social games, including "the #1 mobile social casino game, *Big*

13   *Fish Casino*."    (*See* http://www.bigfishgames.com/company/index.html.)    Big Fish Games

14   provides access to its social casino gaming platform through its web-based interface and/or mobile

15   applications.  Big Fish Games determines whether its users are 13 years of age or older before

16   authorizing the users to play in one of its casino games.

17       14.    Big Fish Games offers various types of social casino games to users, including slots,

18   roulette, blackjack, and poker.  Users can enter these games and place wagers on their outcomes

19   using "play" chips.  Big Fish Games offers these games at various minimum stakes and entry fees

20   (or "buy-ins").  As such, Big Fish Games' gaming platform provides an in-game store to purchase

21   the chips required to enter a desired game and wager on the outcome.  The chips are stored in a

22   digital wallet as part of the user's profile.  Big Fish Games also monitors multiple games and game

23   events on which play is based to determine the outcome of each wager.  During gameplay, a user

24   may request to generate a wager offer to other users and receive multiple acceptances of the wager

25   offer in response.  After completing the game, the winners are awarded chips according to the

26   game's payout rules.  Big Fish Games manages and updates each user's account to reflect the

27   appropriate transfer of chips based on a winning or losing outcome.

28

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
WELLS FARGO TOWER
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800

15.     Big Fish Games' gaming platform also generates statistics information based on game events and wager records associated with each user's gameplay. The statistics information is stored in a user profile that provides a viewable summary of personalized information. This personalized information also includes identification information and other historical game performance information. Big Fish Games displays the user profile to the respective user and to other users of the gaming platform.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### (INFRINGEMENT OF U.S. PATENT NO. RE39,818)

16.     Plaintiffs incorporate by reference paragraphs 1-15 as if fully set forth herein.

17.     On September 4, 2007, U.S. Patent No. RE39,818 ("the RE'818 patent") was duly and legally issued by the U.S. Patent and Trademark Office ("PTO") for an invention titled "Personalized Wireless Video Game System" to the listed inventor, Russell D. Slifer. A certified copy of the RE'818 patent is attached as **Exhibit A**.

18.     CG Tech is the assignee and owner of the RE'818 patent, with all substantive rights in and to that patent, including the sole and exclusive right to bring this action and enforce the RE'818 patent against infringers, and to collect damages for all relevant times.

19.     Defendant, directly or through its agents, customers, and/or intermediaries, has made, used, tested, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems that infringe (either directly or under the doctrine of equivalents) one or more claims of the RE'818 patent. For instance, on information and belief, Defendant's accused products and/or systems provide a processor that executes a gaming application for displaying video images on a display screen. A portable control is personalized to a specific user after the user registers an account to interact with the gaming application. Once registration is complete, the portable control stores in its memory identification information including the user's age and game data. The personalized portable control includes control switches for generating game control signals during gameplay. The portable control also includes a wireless transmitter for sending the

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
WELLS FARGO TOWER
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800

identification and control signals to the processor.   Here, the processor uses the received identification signals to determine whether the user is authorized to play the game based at least in part on the user's age .  This is done in a manner that infringes at least claims 1, 20, and 24 of the RE'818 patent.

20.     Big Fish Games' social casino games contain each limitation of at least one asserted claim of the RE'818 patent.  By way of example only:

21.     Big Fish Games' social casino games meet all requirements of claim 20, which include (as shown below) "[a] game apparatus comprising: a wireless transmitter to transmit both an identification code and game control signals to a processor executing a game."  (RE'818 patent, col. 7, ll. 25-28.)



22.     Big Fish Games' social casino games include an "identification code . . . used by the processor to retrieve identification data and authorize game play based at least in part on an age of a player."  (*Id.* at col. 7, ll. 28-30.)

. . .

. . .



23.    Big Fish Games' social casino games include "a plurality of input controls to allow the player to interact with the processor to play the game."  (*Id.* at col. 7, ll. 31-32.)



24.     Defendant does not have a license or permission to use the RE'818 patent.

25.     As a result of Defendant's infringement of the RE'818 patent, CG Tech has suffered and continues to suffer damages, in an amount not yet determined, of at least a reasonable royalty and/or lost profits.

**SECOND CLAIM FOR RELIEF**
**(INFRINGEMENT OF U.S. PATENT NO. 6,899,628)**

26.     Plaintiffs incorporate by reference paragraphs 1-25 as if fully set forth herein.

27.     On May 31, 2005, U.S. Patent No. 6,899,628 ("the '628 patent") was duly and legally issued by the PTO for an invention titled "System and Method for Providing Game Event Management to a User of a Gaming Application" to the listed inventors Fergus A. Leen, Sam B. Lawrence, David G. McNally, Clive Hetherington, David M. McDowell, and Kevin R. O'Neal. A certified copy of the '628 patent is attached as **Exhibit B**.

28.     IG Limited is the assignee and sole owner of the '628 patent, with all substantive rights in and to that patent, including the sole and exclusive right to bring this action and enforce the '628 patent against infringers, and to collect damages for all relevant times.

29.     Defendant, directly or through its agents, customers, and/or intermediaries, has made, used, tested, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems that infringe (either directly or under the doctrine of equivalents) one or more claims of the '628 patent. For instance, on information and belief, Defendant's accused products and/or systems have certain features that manage game events through a gaming application accessible to remote users. A user downloads and installs software on a computing device to remotely access the gaming application. During execution of the gaming application, a monitor module monitors a plurality of game events and communicates event information through an interface. The interface transmits the event information, which is associated with at least one game event, to an enhanced services platform. This platform provides various different functions and generates statistics and a wager record based on the event information. Here, the wager record is associated with an entry fee and other bets made during gameplay between a plurality of users.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800

1   This is done in a manner that infringes at least claims 1 and 31 of the '628 patent.

2       30.    Big Fish Games' social casino games contain each limitation of at least claim 31 of

3   the '628 patent.  By way of example only:

4       31.    Big Fish Games' social casino games meet all requirements of claim 31, which

5   include (as shown below) "[a] server for managing game events, comprising: a processor that

6   executes a gaming application that is accessed by a remote user via a network."  ('628 patent,

7   col. 23, ll. 62-64.)



16       32.    Big Fish Games' social casino games include "a monitor module coupled to the

17   processor that monitors a plurality of game events during the execution of the gaming application

18   by the user."  (*Id.* at col. 23, ll. 65-67.)



OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800

33.     Big Fish Games' social casino games include "an interface coupled to the processor that communicates event information associated with at least one of the game events to an enhanced services platform remote from the server." (*Id.* at col. 24, ll. 1-4.)



34.     Big Fish Games' social casino games include "generat[ing] a wager record associated with a wager between a plurality of users based on at least one of the first event information and the second event information." (*Id.* at col. 24, ll. 4-7.)



OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
SUITE 1500, 3800 HOWARD HUGHES TOWER
WELLS FARGO TOWER
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800

35.     Defendant does not have a license or permission to use the '628 patent.

36.     As a result of Defendant's infringement of the '628 patent, IG Limited has suffered and continues to suffer damages, in an amount not yet determined, of at least a reasonable royalty and/or lost profits.

## THIRD CLAIM FOR RELIEF
## (INFRINGEMENT OF U.S. PATENT NO. 7,534,169)

37.     Plaintiffs incorporate by reference paragraphs 1-36 as if fully set forth herein.

38.     On May 19, 2009, U.S. Patent No. 7,534,169 ("the '169 patent") was duly and legally issued by the PTO for an invention titled "System and Method for Wireless Gaming System with User Profiles" to the listed inventors Lee M. Amaitis, Joseph M. Asher, Robert F. Bahrampour, Darrin M. Mylet, Alan B. Wilkins, and Howard W. Lutnick.  A certified copy of the '169 patent is attached as **Exhibit C**.

39.     IG LLC is the assignee and sole owner of the '169 patent, with all substantive rights in and to that patent, including the sole and exclusive right to bring this action and enforce the '169 patent against infringers, and to collect damages for all relevant times.

40.     Defendant, directly or through its agents, customers, and/or intermediaries, has made, used, tested, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems that infringe (either directly or under the doctrine of equivalents) one or more claims of the '169 patent.  For instance, on information and belief, Defendant's accused products and/or systems have certain features that modify a gaming environment based on a user's success level in playing a gaming activity.  A gaming device enables a user to play a plurality of gaming activities, and a user profile associated with the user is updated to reflect a first success level in playing a first gaming activity during a first gaming session.  After termination of the first gaming session and the start of a second, subsequent, gaming session, the user's success level in playing the first gaming activity is determined.  Based at least in part on the first success level, a gaming environment is modified and presented to the user through the gaming device.  The modification includes a change in how the first gaming activity is presented to the user as a possible gaming

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
WELLS FARGO TOWER
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800

activity during the second gaming session. This is done in a manner that infringes at least claim 1 of the '169 patent.

41. Big Fish Games' social casino games contain each limitation of at least claim 1 of the '169 patent. By way of example only:

42. Big Fish Games' social casino games meet all requirements of claim 1, which include (as shown below) "[a]n apparatus comprising: . . . at least one profile associated with a user of a gaming device, the gaming device being operable to make a plurality of gaming activities available to the user for play via the gaming device." ('169 patent, col. 26, ll. 43-52.)



43. Big Fish Games' social casino games include "updat[ing] the user's profile to reflect a first success level of the user in playing a first of the plurality of gaming activities via the gaming device during a first gaming session." (*Id.* at col. 26, ll. 56-59.)



OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
WELLS FARGO TOWER
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800

44.   Big Fish Games' social casino games include, "based at least in part on the first success level, modify[ing] a gaming environment, wherein the modification includes a change as to how the first gaming activity is presented to the user as a possible gaming activity that the user may play via the gaming device during the second gaming session." (*Id.* at col. 26, l. 66 to col. 27, l. 4.)



45.   Big Fish Games' social casino games include "present[ing] to the user, via the gaming device, the first gaming activity according to the modified gaming environment." (*Id.* at col. 27, ll. 5-7.)



46.     Defendant does not have a license or permission to use the '169 patent.

47.     As a result of Defendant's infringement of the '169 patent, IG LLC has suffered and continues to suffer damages, in an amount not yet determined, of at least a reasonable royalty and/or lost profits.

**FOURTH CLAIM FOR RELIEF**
**(INFRINGEMENT OF U.S. PATENT NO. 6,979,267)**

48.     Plaintiffs incorporate by reference paragraphs 1-47 as if fully set forth herein.

49.     On December 27, 2005, U.S. Patent No. 6,979,267 ("the '267 patent") was duly and legally issued by the PTO for an invention titled "System and Method for Generating Profile Information for a User of a Gaming Application" to the listed inventors Fergus A. Leen, Sam B. Lawrence, David G. McNally, Clive Hetherington, David M. McDowell, and Kevin R. O'Neal. A certified copy of the '267 patent is attached as **Exhibit D**.

50.     IG Limited is the assignee and sole owner of the '267 patent, with all substantive rights in and to that patent, including the sole and exclusive right to bring this action and enforce the '267 patent against infringers, and to collect damages for all relevant times.

51.     Defendant, directly or through its agents, customers, and/or intermediaries, has made, used, tested, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems that infringe (either directly or under the doctrine of equivalents) one or more claims of the '267 patent. For instance, on information and belief, Defendant's accused products and/or systems have certain features that generate profile information for users of gaming applications executed on a server. During execution of a first gaming application by a first user, a plurality of game events are monitored. First and second event information associated with a first and second game event is communicated to a processor remote from the server. The processor generates first profile information associated with the first user based at least in part on the first event information, the second event information, and wager records of the first user. The processor stores the first profile information in a memory. During execution of a second gaming application by a second user, a plurality of game events are also monitored. Third and fourth event information associated with a third and fourth game event is communicated to the processor. Here,

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

SUITE 1500, 3800 HOWARD HUGHES PARKWAY
WELLS FARGO TOWER
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800

the third event information is received by the processor substantially simultaneously with the first event information. The processor generates second profile information associated with the second user based at least in part upon the third and fourth event information. This is done in a manner that infringes at least claim 1 of the '267 patent.

52.   Big Fish Games' social casino games contain each limitation of at least claim 1 of the '267 patent. By way of example only:

53.   Big Fish Games' social casino games meet all requirements of claim 1, which include (as shown below) "[a] system for generating profile information for users of gaming applications, comprising: a server that: . . . monitors a plurality of game events during the execution of the first gaming application by a first user." ('267 patent, col. 20, ll. 24-29.)



54.   Big Fish Games' social casino games include "a processor remotely coupled to the server that: . . . generates first profile information associated with the first user based at least in part upon . . . first event information, . . . second event information and wager records of the first user." (*Id.* at col. 20, ll. 34-40.)

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
WELLS FARGO TOWER
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800

 

55.     Big Fish Games' social casino games include "receiv[ing] third event information substantially simultaneously with the first event information, the third event information associated with a third game event, wherein the third game event is associated with the execution by a second user of a second gaming application." (*Id.* at col. 20, ll. 41-46.)



16

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800

56.     Big Fish Games' social casino games include "receiv[ing] fourth event information associated with a fourth game event, wherein the fourth game event is associated with the execution by the second user of the second gaming application." (*Id.* at col. 20, ll. 47-50.)



57.     Big Fish Games' social casino games include "generat[ing] second profile information associated with the second user based at least in part upon the third event information and the fourth event information." (*Id.* at col. 20, ll. 51-53.)




17

58.     Defendant does not have a license or permission to use the '267 patent.

59.     As a result of Defendant's infringement of the '267 patent, IG Limited has suffered and continues to suffer damages, in an amount not yet determined, of at least a reasonable royalty and/or lost profits.

### FIFTH CLAIM FOR RELIEF
### (INFRINGEMENT OF U.S. PATENT NO. 8,342,924)

60.     Plaintiffs incorporate by reference paragraphs 1-59 as if fully set forth herein.

61.     On January 1, 2013, U.S. Patent No. 8,342,924 ("the '924 patent") was duly and legally issued by the PTO for an invention titled "System and Method for Providing Enhanced Services to a User of a Gaming Application" to the listed inventors Fergus A. Leen, Sam B. Lawrence, David G. McNally, Clive Hetherington, David M. McDowell, and Kevin R. O'Neal. A certified copy of the '924 patent is attached as **Exhibit E**.

62.     IG Limited is the assignee and sole owner of the '924 patent, with all substantive rights in and to that patent, including the sole and exclusive right to bring this action and enforce the '924 patent against infringers, and to collect damages for all relevant times.

63.     Defendant, directly or through its agents, customers, and/or intermediaries, has made, used, tested, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems that infringe (either directly or under the doctrine of equivalents) one or more claims of the '924 patent. For instance, on information and belief, Defendant's accused products and/or systems have certain features that enable a user to play a game and initiate at least one event within a context of playing the game. Information associated with the event is received by an apparatus comprising a processor while the user plays the game. Here, the apparatus generates statistics information associated with the user based at least in part on the information. This statistics information is associated with the user's playing of the game, and is electronically displayed to another user. This is done in a manner that infringes at least claim 11 of the '924 patent.

64.     Big Fish Games' social casino games contain each limitation of at least claim 11 of

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800

the '924 patent.  By way of example only:

65.     Big Fish Games' social casino games meet all requirements of claim 11, which include (as shown below) "[a]n apparatus comprising: at least one processor; and at least one memory device . . . [that] stores instructions which . . . direct the at least one processor to: receive information associated with at least one event initiated by a user within a context of playing a game, wherein the information is received during the playing of the game by the user." ('924 patent, col. 21, ll. 4-13.)



66.     Big Fish Games' social casino games include, "based at least in part on the information, generat[ing] statistics information, wherein the statistics information is associated with the user with respect to the playing of the game." (Id. at col. 21, ll. 14-17.)



OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800

67.     Big Fish Games' social casino games include "caus[ing] to be electronically displayed to another user at least the statistics information." (*Id.* at col. 21, ll. 18-19.)



68.     Defendant does not have a license or permission to use the '924 patent.

69.     As a result of Defendant's infringement of the '924 patent, IG Limited has suffered and continues to suffer damages, in an amount not yet determined, of at least a reasonable royalty and/or lost profits.

## SIXTH CLAIM FOR RELIEF
### (INFRINGEMENT OF U.S. PATENT NO. 7,029,394)

70.     Plaintiffs incorporate by reference paragraphs 1-69 as if fully set forth herein.

71.     On April 18, 2006, U.S. Patent No. 7,029,394 ("the '394 patent") was duly and legally issued by the PTO for an invention titled "System and Method for Generating Statistics for a User of a Gaming Application" to the listed inventors Fergus A. Leen, Sam B. Lawrence, David G. McNally, Clive Hetherington, David M. McDowell, and Kevin R. O'Neal.  A certified copy of the '394 patent is attached as **Exhibit F**.

72.     IG Limited is the assignee and sole owner of the '394 patent, with all substantive rights in and to that patent, including the sole and exclusive right to bring this action and enforce the '394 patent against infringers, and to collect damages for all relevant times.

73.     Defendant, directly or through its agents, customers, and/or intermediaries, has

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
WELLS FARGO TOWER
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800

made, used, tested, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems that infringe (either directly or under the doctrine of equivalents) one or more claims of the '394 patent. Specifically, Defendant's accused products and/or systems have certain features that enable a user to execute a gaming application hosted on a remote server. During execution of the gaming application, first and second event information associated with first and second game events is received. Statistics information associated with the user and the gaming application is generated based at least in part on the first event information, the second event information, and wager records associated with the gaming application. The statistics information is used to determine an outcome of a wager associated with the gaming application and then stored. This is done in a manner that infringes at least claim 1 of the '394 patent.

74.    Big Fish Games' social casino games contain each limitation of at least claim 1 of the '394 patent. By way of example only:

75.    Big Fish Games' social casino games meet all requirements of claim 1, which include (as shown below) "[a] system for generating statistics information, comprising: a server that: executes a gaming application; monitors a plurality of game events during the execution of the gaming application by a user; communicates first event information associated with a first game event; and communicates second event information associated with a second game event." ('394 patent, col. 20, ll. 46-55.)



76.     Big Fish Games' social casino games include "a processor remotely coupled to the server that receives the first event information; receives the second event information; [and] generates statistics information based at least in part upon the first event information, the second event information and wager records associated with the gaming application." (*Id*. at col. 20, ll. 56-62.)



77.     Big Fish Games' social casino games include "determin[ing] an outcome of a wager associated with the gaming application using the statistics information; and a memory coupled to the processor that stores the statistics information." (*Id*. at col. 20, ll. 63-67.)



OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800

78.     Defendant does not have a license or permission to use the '394 patent.

79.     As a result of Defendant's infringement of the '394 patent, IG Limited has suffered and continues to suffer damages, in an amount not yet determined, of at least a reasonable royalty and/or lost profits.

## SEVENTH CLAIM FOR RELIEF
## (INFRINGEMENT OF U.S. PATENT NO. 9,111,417)

80.     Plaintiffs incorporate by reference paragraphs 1-79 as if fully set forth herein.

81.     On August 18, 2015, U.S. Patent No. 9,111,417 ("the '417 patent") was duly and legally issued by the PTO for an invention titled "System and Method for Providing Enhanced Services to a User of a Gaming Application" to the listed inventors Fergus A. Leen, Sam B. Lawrence, David G. McNally, Clive Hetherington, David M. McDowell, and Kevin R. O'Neal. A certified copy of the '417 patent is attached as **Exhibit G**.

82.     IG Limited is the assignee and sole owner of the '417 patent, with all substantive rights in and to that patent, including the sole and exclusive right to bring this action and enforce the '417 patent against infringers, and to collect damages for all relevant times.

83.     Defendant, directly or through its agents, customers, and/or intermediaries, has made, used, tested, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems that infringe (either directly or under the doctrine of equivalents) one or more claims of the '417 patent. For example, on information and belief, Defendant's accused products and/or systems have certain features that provide a card game to users through their respective computing devices over a communications network. On information and belief, Defendant's accused products and/or systems present users with a graphical user interface that allows users to generate a wager offer, where the offer includes a wager amount. The interface further provides an option to present the wager offer to other users and receive from a plurality of other users an acceptance of the wager offer at the wager amount. In addition, during the playing of the game, Defendant's accused products and/or systems offer certain features that generate statistics for multiple users of the game, including presenting a portion of the statistics information for the users.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800

At the end of the game, an outcome is determined and funds are transferred to at least one user who played (and "won") the game. This is done in a manner that infringes at least claim 1 of the '417 patent.

84.    Big Fish Games' social casino games contain each limitation of at least claim 1 of the '417 patent. By way of example only:

85.    Big Fish Games' social casino games meet all requirements of claim 1, which include (as shown below) "[a] system comprising at least one processor and at least one non-volatile memory having software stored thereon that when executed by the at least one processor directs the at least one processor to: provide a game via a communications network to users via respective computing devices of the users, wherein the game is a sports game, an arcade game, a card game, or an adventure game." ('417 patent, col. 20, ll. 20-27.)



86.    Big Fish Games' social casino games include, "responsive to a request from one of the users, caus[ing] a graphical user interface to be presented to the user at the user's computing device, wherein the graphical user interface allows the user to offer a wager to other users; [and] responsive to presenting the graphical user interface to the user, receiv[ing] from that user a request to generate a wager offer, wherein the wager offer includes a wager amount." (*Id.* at col. 20, ll. 28-34.)

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800



87.     Big Fish Games' social casino games include, "responsive to receiving the request to generate the wager offer, present[ing] the wager offer to other users via respective computing devices of the other users." (*Id.* at col. 20, ll. 35-37.)



88.     Big Fish Games' social casino games include "receiv[ing] from a plurality of the other users an acceptance of the wager offer, each acceptance at the wager amount." (*Id.* at col. 20, ll. 38-39.)

25

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
WELLS FARGO TOWER
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800



89.    Big Fish Games' social casino games include, "during a playing of the game by a plurality of the users: generat[ing] statistics information related to at least a first and a second of the users playing the game." (*Id.* at col. 20, ll. 40-42.)




90.    Big Fish Games' social casino games include, "at end of the game, determin[ing] an

26

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800

outcome of the wagers resulting from the users that accepted the wager offer, wherein . . . determin[ing] the outcome of the wagers includes . . . transfer[ring] funds to at least one user who played the game." (*Id.* at col. 20, ll. 49-53.)



91.     Defendant does not have a license or permission to use the '417 patent.

92.     As a result of Defendant's infringement of the '417 patent, IG Limited has suffered and continues to suffer damages, in an amount not yet determined, of at least a reasonable royalty and/or lost profits.

## EIGHTH CLAIM FOR RELIEF
## (WILLFUL INFRINGEMENT)

93.     Plaintiffs incorporate by reference paragraphs 1-92 as if fully set forth herein.

94.     Defendant's infringement of the RE'818, '628, '169, '267, '924, '394, and '417 patents has been and continues to be willful. Big Fish Games was made aware of the RE'818, '628, '169, '267, '924, '394, and '417 patents as early as the filing of this lawsuit. Big Fish Games' continued use of its infringing products constitutes willful and blatant infringement.

95.     For the same reasons set forth above in paragraphs 24, 35, 46, 58, 68, 78, and 91, Defendant has had knowledge of the RE'818, '628, '169, '267, '924, '394, and '417 patents, and

that its acts constitute infringement.  Defendant has acted and is continuing to act in the face of an objectively high likelihood that its actions constitute infringement of a valid patent or with reckless disregard of that likelihood.

### JURY DEMAND

96.     Plaintiffs request a trial by jury on all issues so triable by right.

### PRAYER FOR RELIEF

Wherefore, Plaintiffs respectfully request that the Court find in their favor and against Defendant, and that the Court grant Plaintiffs the following relief:

1.      A declaration that Big Fish Games infringes the Patents-in-Suit under 35 U.S.C. § 271(a), (b), and/or (c), and a final judgment incorporating same;

2.      Equitable relief under 35 U.S.C. § 283, including but not limited to an injunction that enjoins Big Fish Games and any of its officers, agents, employees, assigns, representatives, privies, successors, and those acting in concert or participation with them from infringing the Patents-in-Suit;

3.      An award of damages sufficient to compensate Plaintiffs for infringement of the Patents-in-Suit by Big Fish Games, together with prejudgment and post judgment interest under 35 U.S.C. § 284;

4.      Entry of an order compelling Big Fish Games to compensate Plaintiffs for any ongoing and/or future infringement of the Patents-in-Suit, in an amount and under terms appropriate under the circumstances;

5.      That this Court declare this an exceptional case and award Plaintiffs their reasonable attorneys' fees, costs, and expenses in accordance with 35 U.S.C. § 285;

6.      A declaration or order finding Big Fish Games' infringement is willful and/or an order increasing damages under 35 U.S.C. § 284; and

. . .

. . .

. . .

1    7.    That Plaintiffs be granted such other and further relief as the Court may deem just

2  and proper under the circumstances.

3         DATED this 14th day of April, 2016.

4                              OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

5

6                              /s/ Molly M. Rezac

7                              Molly M. Rezac
                               Nevada Bar No. 7435
8                              Erica J. Chee
                               Nevada Bar No. 12238
9                              Wells Fargo Tower
                               Suite 1500
10                             3800 Howard Hughes Parkway
11                             Las Vegas, NV  89169

12                             FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP

13                             Robert F. Shaffer (*Pro Hac Vice Pending – will comply with LR IA 10-
14                             2 within 45 days*)
                               James R. Barney (*Pro Hac Vice Pending – will comply with LR IA 10-
15                             2 within 45 days*)
                               Anthony D. Del Monaco (*Pro Hac Vice Pending – will comply with
16                             LR IA 10-2 within 45 days*)
                               901 New York Avenue, NW
17                             Washington, DC 20001-4413

18                             *Attorneys for Plaintiffs CG Technology Development, LLC,*
19                             *Interactive Games Limited, and Interactive Games LLC*

20

21

22

23

24

25

26

27

28

29