**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CG TECHNOLOGY DEVELOPMENT, LLC et al.,<br><br>    Plaintiffs,<br><br>vs.<br><br>BIG FISH GAMES, INC.,<br><br>    Defendant. | 2:16-cv-00857-RCJ-VCF<br><br>**ORDER** |

  This case arises out of the alleged infringement of seven patents relating to online gambling. Pending before the Court are Defendant Big Fish Games, Inc.'s Motion to Dismiss (ECF No. 39) and Motion to Stay (ECF No. 43). For the reasons given herein, the Motion to Dismiss is granted in part and denied in part, and the Motion to Stay is denied.

**I. FACTS AND PROCEDURAL HISTORY**

  Plaintiff CG Technology Development, LLC ("CG Tech") is a wholly owned subsidiary of non-party CG Technology, L.P. ("CG"), which provides technology solutions for lottery, gaming, racing, and sports wagering. (Am. Compl. ¶ 2, ECF No. 19.) "[CG] specializes in providing secure, scalable, mobile technology and risk management solutions to integrated resorts, gaming partners, race and sports books, and lottery industries." (*Id.*) CG and CG Tech produce mobile phone applications for real-money and social casino gaming, as well as account-based wagering systems. (*Id.*).

CG Tech is the assignee of U.S. Patent No. RE39,818. Plaintiff Interactive Games Limited ("IG Ltd") is the assignee of U.S. Patent Nos. 6,899,628; 6,979,267; 8,342,924; 7,029,394; and 9,111,417. Plaintiff Interactive Games LLC ("IG LLC") is the assignee of U.S. Patent No. 7,534,169. Plaintiffs have sued Defendant Big Fish Games ("Defendant") in this Court for direct and willful infringement via operation of its various online casino games. On August 29, 2016, the Court granted Defendant's motion to dismiss Plaintiffs' original Complaint (ECF No.1), finding that (1) the '628, '267, '924, '394, '417, and '169 Patents are patent-ineligible under 35 U.S.C. § 101 and *Alice Corp. Pty. v. CLS Bank lnt'l*, 134 S. Ct. 2347 (2014); (2) the '818 Patent is patent-eligible, but Plaintiffs had failed to state a plausible claim of relief; and (3) Plaintiffs had failed to state a plausible claim with respect to willful infringement. (*See* Order, ECF No. 36.)

Plaintiffs have now amended their Complaint, (ECF No. 37), and Defendant moves again for dismissal, (ECF No. 39). Plaintiffs have not pled willful infringement in their Amended Complaint, but have re-alleged infringement of all seven patents, even those the Court previously held invalid. Plaintiffs assert that the invalid patents have been included in the amended pleading "for preservation of options on appeal only." (*See, e.g.*, Am. Compl. 13 n. 2, ECF No. 37.)

## II.  MOTION TO DISMISS

### a.  Legal Standards

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720

F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts pertaining to his own case making a violation "plausible," not just "possible." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009) (citing *Twombly*, 550 U.S. at 556) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). That is, under the modern interpretation of Rule 8(a), a plaintiff must not only specify or imply a cognizable cause of action (*Conley* review), but also must allege the facts of his case so that the court can determine whether the plaintiff has any basis for relief under the cause of action he has specified or implied, assuming the facts are as he alleges (*Twombly-Iqbal* review).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6)

motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Moreover, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

### b. Analysis

#### i. Direct Infringement of the '818 Patent

The '818 Patent claims "[a] video game system . . . which includes a wireless game controller which stores information about the user of the controller." ('818 Patent Abstract, ECF No. 37-2 at 3.) The '818 Patent has thirteen independent claims and twenty dependent claims. (*See id.* at 5:40–8:64, ECF No. 37-2 at 9–10.) Plaintiffs allege infringement of "at least claims 1, 16, 20, 21, 24, 31, and 32." (Am. Compl. ¶ 21, ECF No. 37.) The Amended Complaint focuses solely on the alleged infringement of Claim 20 "by way of example," although the Court finds that all of the asserted claims broadly contain certain essential elements: (1) a game controller or hand-held device, (2) which wirelessly transmits information (3) to a processor executing a game, (4) which authorizes game play based at least in part on the age of the player. (*See* '818 Patent 5:40–59, 6:61–7:10, 7:25–40, 7:46–54, 8:34–49, ECF No. 37-2 at 9–10.)

Here, after amendment, Plaintiffs' claim of direct infringement of the '818 Patent is sufficient to survive the Motion to Dismiss. The allegations, including screenshots of Defendant's online casino games, descriptions of how Defendant's products allegedly work, and assertions of testing, use, and demonstration of the '818 Patent, are enough to make Plaintiffs' legal theory clear and definite: By using smartphones, tablets, or personal computers to test its

products and demonstrate them at promotional events, Defendants infringed the '818 Patent. Under this theory, these various electronic devices would constitute the "controllers" described in the Patent, and would wirelessly transmit information to a remote processor executing Defendant's casino games. Plaintiffs have specifically and plausibly pled Defendant's use of the '818 Patent in testing, promoting, and demonstrating its products, and the screenshots are enough to show that game play is indeed authorized "based at least in part on the age of the player," and that "a plurality of input controls . . . allow the player to interact with the processor." (*See* Am. Compl. ¶ 32–33, ECF No. 37.) Furthermore, Defendant's development and distribution of integrated software (i.e., apps) for various mobile devices gives rise to a plausible claim that Defendant adopted the "controllers" used by its customers to play Defendant's games. Therefore, Plaintiffs' allegations are sufficiently pled to state a claim of direct infringement of at least Claim 20, and the Court denies the motion to dismiss Plaintiffs' claim of direct infringement of the '818 Patent.

### ii.   Induced and Contributory Infringement of the '818 Patent

"In contrast to direct infringement, liability for inducing infringement attaches only if the defendant knew of the patent and that the induced acts constitute patent infringement." *Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1926 (2015) (citation omitted). "Like induced infringement, contributory infringement requires knowledge of the patent in suit and knowledge of patent infringement." *Id.* Accordingly, proving either induced or contributory infringement "requires proof the defendant knew the acts were infringing." *Id.* at 1928. In other words, if a defendant makes the conclusion that its acts are non-infringing, and that conclusion is based on a reasonable reading of the patent, the defendant will not be liable for induced or contributory infringement for acts based on such reasonable reading, even if it is later established that the defendant's acts did in fact cause the patent to be infringed. *See id.*

Here, the only allegation Plaintiffs make with respect to Defendant's knowledge of the '818 Patent is that "Defendant had knowledge of the RE'818 patent at least since the service of the original Complaint on or about April 14, 2016." (Am. Compl. ¶ 27, ECF No. 37.) Therefore, Plaintiffs have failed to state a claim of pre-litigation induced or contributory infringement. Any surviving claim of induced or contributory infringement of the '818 Patent must be limited in scope to "post-filing conduct" only. *See Silver State Intellectual Techs., Inc. v. FourSquare Labs, Inc.*, No. 2:12-CV-01308-GMN, 2013 WL 5437363, at *3 (D. Nev. Sept. 26, 2013).

With that said, the Court finds that Plaintiffs have sufficiently pled their claims of induced and contributory infringement of the '818 Patent.

**1. Induced Infringement**

To survive a motion to dismiss, a plaintiff asserting induced infringement must plead (1) that the defendant had "knowledge of the existence of the patent that is infringed," *Global–Tech Appliances, Inc. v. SEB S.A.*, 131 S.Ct. 2060, 2068 (2011), and (2) "facts that plausibly establish that the accused infringer 'specifically intended their customers to infringe the [asserted] patent and knew that the customers' acts constituted infringement,'" *Silver State*, 2013 WL 5437363, at *4 (quoting *In re Bill of Lading Transmission and Processing Sys. Patent Litigation*, 681 F.3d 1323, 1336 (Fed. Cir. 2012)). First, no one can dispute that Defendant had knowledge of the '818 Patent by May 17, 2016, when Defendant first appeared in the case, (ECF No. 17), and likely as early as April 14, 2016, when the original Complaint was filed and served.

With respect to the element of Defendant's intent, Plaintiffs have alleged that Defendant directs, promotes, encourages, and causes its customers to use its products "in a manner that it knows infringes the '818 Patent." (Am. Compl. ¶ 25, ECF No. 37.) In so doing, Defendant "provides detailed instructions to its customers through training videos, demonstrations, brochures, installation and/or user guides explaining how to use the social casino platform, and

(2) touting and advertising these features to its customers." (*Id.* (citations omitted).) In *Bill of Lading*, the Federal Circuit reversed an order of dismissal because it was "more than reasonable to infer that [defendant] intended to induce its customers to use its products to practice the patented method and did so with knowledge of the patent." 681 F.3d at 1341. Such is the case here as well. Defendant was made aware of the '818 Patent by this lawsuit and has continued to market its social casino games to its customers. Defendant makes much of the fact that it doesn't produce or sell any physical, tangible components. However, Defendant specifically induces its customers to couple its social casino games with tangible components (i.e., mobile phones and/or computers) in a way that implicates all of the elements of certain of the '818 Patent's claims. Therefore, Plaintiff's allegations are sufficient to raise the plausible inference of induced infringement. *See id.* at 1339–40 (stating that a plaintiff is not required to "prove its case at the pleading stage," and that all reasonable inferences must be drawn in the plaintiff's favor).

### 2. Contributory Infringement

Similarly, a plaintiff asserting contributory infringement must plead (1) again, knowledge of the existence of the patent, and (2) "facts from which the Court can infer that the accused device has no substantial non-infringing uses." *Silver State*, 2013 WL 5437363, at *4. Here, Plaintiff has not only adequately pled knowledge based on the filing of this case, but has also plausibly pled that the online casino game products Defendant marketed and sold to its customers have no substantial non-infringing uses. Plaintiffs' theory of the case is that smartphones, tablets, and personal computers, with which Defendant's games are meant to be played, constitute the "controllers" described in the '818 Patent, which wirelessly transmit information to a remote processor executing Defendant's casino games, and that Defendant's games authorize play based on the age of the player. In order to play Defendant's games, Defendant's customers are required to use one of these "controllers"; there is no way to use

Defendant's allegedly infringing products without such a device. Therefore, if Defendant's use and testing of its online casino games actually infringes the '818 Patent—that is to say, if Plaintiffs' theory of the case is successful—then any customer use of Defendant's games would necessarily infringe as well.

Therefore, the motion to dismiss the claims of induced and contributory infringement is granted with respect to Defendant's pre-filing conduct, but denied with respect to Defendant's post-filing conduct.

### iii.  The Remaining Patents

The Court has held the remaining patents asserted in the Amended Complaint are invalid. (*See* Order, ECF No. 36.) Plaintiffs have re-alleged infringement of these six patents—and of the same patent claims previously asserted in the original Complaint—without supplementing or otherwise amending any pertinent factual allegations. Furthermore, Plaintiffs make clear in their amended complaint and Response to the instant motion that their reassertion of these patents was solely for the purpose of preserving appellate rights. (*See, e.g.*, Am. Compl. 13 n. 2, ECF No. 37; Resp. 15–16, ECF No. 45.) Accordingly, the claims of infringement of the '628, '267, '924, '394, '417, and '169 Patents are dismissed with prejudice, for the reasons given in the Court's prior order granting dismissal of the same claims. (*See* Order, ECF No. 36.)

### III.  MOTION TO STAY

With only the '818 Patent still at issue in the case, Defendant requests that the Court stay further proceedings pending resolution of the '818 Patent's ownership in the U.S. District Court for the Southern District of New York. *See Slifer v. CG Technology, L.P.*, No. 14-cv-9661 (S.D.N.Y. Aug. 30, 2016) (the "New York case"). The Court will deny the Motion to Stay. Although only the '818 Patent remains at issue in the instant action, the reasoning in the Court's prior order denying a stay of proceedings in *CG Technology Development, LLC v. FanDuel, Inc.*,

No. 2:16-cv-00801-RCJ-VCF (D. Nev. Oct. 18, 2016), is relevant. In *FanDuel*, the Court ruled that the balance of the stay factors weighed in favor of denial due to the potential of prejudice to CG Tech. The instant action is on a consolidated discovery track with *FanDuel* and six other related cases. Staying proceedings here without staying other consolidated actions would create numerous party and judicial inefficiencies. While only the '818 Patent remains at issue here, various other patents have survived dismissal among the related cases. Therefore, the analysis in the Court's *FanDuel* order applies here, and the Court declines to stay the case. In addition, the Court notes that, with trial planned for early January 2017 in the New York Case, any harm Defendant may suffer as a result of the denial of stay is likely to be minimal.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 39) is GRANTED IN PART AND DENIED IN PART.

IT IS FURTHER ORDERED that the Motion to Stay (ECF No. 43) is DENIED.

IT IS SO ORDERED.

_____
ROBERT C. JONES
United States District Judge

Dated:  January 4, 2017.